IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF/RESPONDENT

V.                         Criminal No.  2:05-CR-20079
                           Civil No.  2:07-CV-02046

MIGUEL ANGEL FACUNDO-GUZMAN                                   DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 55) filed May 10, 2007.  The United States of America filed a Response (Doc. 59) on October 31, 2007.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background:

On October 5, 2005 the Petitioner was stopped for speeding in Crawford County, Arkansas. (Tr, 80-81)  The Petitioner could not produce identification but identified himself as Miguel Cruz-Aviala and provided a social security number and birth date. The social security number and date of birth did not match the identity provided.  (Tr. 83) The Petitioner was subsequently properly identified as Miguel Angel Facundo-Guzman. (Tr. 89) It was also determined that Petitioner had been convicted of the aggravated felony of burglary in California in 1998 and had been sentenced to four years incarceration (Tr. 107-108; 112) and that Petitioner had been removed from the United States on four separate occasions between 1995 and 2002, (Tr. 112-115) and that the Petitioner was not lawfully in the United States. (Tr. 89)

ICE Agent Carmack proceeded to interview Petitioner. (Tr. 117) During the interview,

Petitioner stated that he was an illegal alien from Mexico. (Tr. 121) Agent Carmack read Petitioner his Miranda rights in Spanish and in English (Petitioner speaks both) and Petitioner signed a form acknowledging that he understood his rights and voluntarily waived them. (Tr. 117-118) Petitioner then provided a sworn statement in which he admitted that he had been previously removed from the United States. (Tr. 121)

On November 17, 2005, Petitioner was named in a one count Indictment returned by a grand jury in the United States District Court for the Western District of Arkansas. The Indictment charged Petitioner with being unlawfully present in the United States without having first obtained consent from the Secretary of Homeland Security to re-enter the United States after having been deported from the United States subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557. (Doc. 6) On November 29, 2005, Petitioner appeared for arraignment and pled not guilty to the offense charged in the Indictment. (Doc.7)

Petitioner and the United States engaged in plea negotiations and the Petitioner agreed to plead guilty. A plea agreement was drafted, and the case was set for a change of plea on December 20, 2005. (Doc. 26) During the Change of Plea hearing, however, Petitioner decided that "Congress had changed the law" and informed defense counsel that he wanted a jury trial. (Tr. 3;Affidavit of James Pierce, p. 2) Based upon statements made to defense counsel during the Change of Plea hearing, defense counsel filed a Motion for Psychiatric Examination which the district court granted. (Doc. 27-28; Affidavit of James Pierce, p. 2) An evaluation was ordered and the results of the evaluation demonstrated that although Petitioner did have periods of delusion, such delusional periods normally followed periods of heavy drug use, and Petitioner was found to be competent to stand trial and assist in his defense. (Doc. 30; Affidavit of James

Pierce, p. 2)

On May 19, 2006, the United States filed a Notice of Enhancement which notified Petitioner that if he proceeded to trial and was convicted, the Government would seek an enhanced sentence on the basis of his prior conviction for an aggravated felony. (Doc. 34) On May 30, 2006, Petitioner filed a pro se Motion to Dismiss and Motion to Appoint New Counsel, claiming that his current counsel James Pierce lacked experience representing illegal aliens in immigration cases. (Doc. 35-36) On June 5, 2006, a hearing was held on the Motion to Dismiss and Motion to Appoint New Counsel. (Doc. 38) At the hearing Petitioner stated that he spoke English very well. (Tr. 1) He stated that the problem with his counsel was a lack of communication. (Tr. 6) He also stated that his counsel did not have much experience on immigration. (Tr. 6) Petitioner believed that legislation had been passed that in which illegal entry was no longer a felony which he discussed with Rafael, the investigator for the Federal Public Defender. He did not understand why illegal reentry was a felony, if illegal entry was not a felony. (Tr. 7) He also stated that he asked Rafael to look up the proposed American Dream Act. Rafael told Petitioner that it only pertained to students. (Tr. 8) The district court informed Petitioner that the legislation had not been passed and denied the motions. (Tr. 9, 11; Docket Entry #39) On June 6, 2006, Petitioner appeared for a one-day jury trial, which was presided over by the Honorable Robert T. Dawson, United States District Judge. After the Government rested its case, defense counsel made an oral Motion for Judgment of Acquittal which was overruled/denied by the court. (Tr. 148-150) After Petitioner indicated a desire to testify in his own defense, the district court informed him of the nature of his right to choose whether to testify or to not testify on his own behalf. (Tr. 151-154) Thereafter, Petitioner elected to not testify. (Tr.

154) At 2:46 p.m., the jury retired to deliberate and returned 23 minutes later with a verdict of guilty. (Doc. 40)

Following his conviction, the Probation Office prepared a Pre-Sentence Investigation Report ("PSR") which was issued on August 1, 2006. Petitioner's only objection to the PSR was a request to have the "Offender Characteristic" paragraph describing his substance abuse amended to reflect Petitioner's belief that he would benefit from a drug treatment program while incarcerated. ("Addendum to the Pre-Sentence Report" dated August 24, 2006) The PSR was so amended and was filed with the addendum on August 25, 2006. The PSR contained a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) on the basis of the fact that Petitioner had been previously deported following a conviction for a crime of violence (his 1998 burglary conviction in California) (PSR ¶ 13). The PSR assigned 21 criminal history points, placing Petitioner in Category VI, and the resulting guideline imprisonment range was 100-125 months. (PSR ¶ 46) On September 7, 2006, Petitioner appeared for his sentencing hearing. (Doc. 46) At the sentencing hearing, the district court adopted the PSR without change and sentenced Petitioner to a bottom of the advisory guideline range sentence of 100 months imprisonment, two years supervised release, $1000 fine, and $100 special assessment. (Doc. 47; Sentencing Hearing Transcript p. 11, 15)

Following his sentencing, Petitioner timely filed a Notice of Appeal. (Doc. 48) The appeal was docketed in the Eighth Circuit, but on September 27, 2006, Petitioner's appellate attorney, Assistant Federal Public Defender Omar F. Greene, filed a Motion for Dismissal of Appeal pursuant to Eighth Circuit Rule 42A and Federal Rule of Appellate Procedure 42(b), which stated that Petitioner desired to voluntarily dismiss his own appeal. The Motion stated that

Petitioner "has consulted his appointed trial counsel (Assistant Federal Public Defender James Pierce) and that Mr. Petitioner-Guzman is satisfied that his interests will be better served by not pursuing this appeal." (Exhibit 2) Attached to the Motion was a "Notice of Non-Appeal" signed by Petitioner wherein he acknowledges in both Spanish and English that "I know that I have the right to appeal to the 8th Circuit Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal." (Exhibit 2) On September 28, 2006, the Eighth Circuit granted Petitioner's Motion to Dismiss Appeal. (Doc. 52) On May 10, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 55)  The Petitioner alleges four grounds as follows: (1)  The conviction was obtained by a violation of the privilege against self incrimination; (2)  The conviction was obtained by a violation of the protection against double jeopardy; (3) The conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and consequences; and (4) that trial counsel was ineffective because he did not have experience dealing with illegal immigrants.

**II.  Discussion:**

**Ground One: The Conviction was obtained by a violation of the privilege against self incrimination.**

In ***Ground One*** of his claim for relief, Petitioner argues that his conviction was obtained in violation of his privilege against self-incrimination. As his supporting facts for the claim, Petitioner states that the sentence he received was more than he expected and he states the he feels there exists "some sort of discrimination for not being able to be accepted as an illegal resident to work here." Petitioner does not otherwise state any facts which could conceivably

even relate to a claim that the conviction was obtained in violation of the privilege against self-incrimination.

To the extent that Petitioner's petition can be read to be attempting to state the claim that any incriminating statements/admissions he gave to law enforcement officers which were later used against him at trial were taken in violation of the Miranda protections against violations of the Self-Incrimination Clause, that argument was always available to Petitioner prior to trial via a motion to suppress, at trial, or on direct appeal, but was never raised and is therefore procedurally barred and not properly raised in this § 2255 petition.

Because habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)(*citing Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)) "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; *see also, i.e. Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted.) Further, a § 2255 petitioner "must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim." *United States v. Apker*, 174 F.3d 934, 938 (8th Cir. 1999)(*citing Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))

Petitioner has not established cause for the default and actual prejudice and he does not allege actual innocence.  Petitioner fails to offer any explanation for his failure to raise this

argument previously. In the paragraph of his § 2255 form petition where he is asked to explain the reasons why any grounds being raised now for the first time were not raised in prior proceedings, Petitioner merely provides a statement complaining about the discrimination he feels exists in the United States against "Mexicanos who are simply trying to work and make a living" in order to help make the United States a better country." He points to no evidence whatsoever which would suffice to establish cause for his failure to raise the issue on direct appeal or at any other time before now.

Petitioner did not pursue his Fifth Amendment claims. (Doc. 59, Attachment 1, Affidavit of James Pierce, p. 2) The admissions Petitioner provided in his statement at the BICE office were voluntarily supplied after being notified of his Miranda warnings. Petitioner signed a waiver form prior to giving his sworn statement containing the admissions wherein he acknowledged that he had been read his Miranda rights and that he understood them. Petitioner has never claimed and does not now claim that his waiver of his Miranda rights was not knowingly and voluntarily made. Accordingly, there was and is no meritorious argument to be made that any statements later used against Petitioner at trial were obtained in violation of his privilege against self-incrimination. *See, i.e. United States v. Hubbell*, 530 U.S. 27, 34, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2003)(The Fifth Amendment Privilege Against Self-Incrimination cannot be violated by the introduction of non-testimonial evidence obtained as a result of voluntary statements.); *United States v. Hyles*, 479 F.3d 958, 966 (8th Cir. 2007)(In light of fact that defendant knowingly and intelligently waived his Miranda rights three times, his subsequent statement, in his prosecution for, inter alia, murder-for-hire, was not obtained in violation of his Fifth Amendment privilege against self-incrimination.)

The Petitioner's claim that the conviction was obtained in violation of his privilege against self-incrimination is without merit.

**Ground Two: The conviction was obtained by a violation of the protection against double jeopardy.**

The Fifth Amendment's "double jeopardy" clause prevents criminal defendants from being "twice put in jeopardy" in connection with the same offense, a guarantee that encompasses a second prosecution for the same offense after either conviction or acquittal as well as the imposition of multiple punishments. *United States v. Hively*, 437 F.3d 752, 762 (8th Cir. 2006) The "Double Jeopardy Clause is violated in a single proceeding only where multiple punishments are imposed for the same crime contrary to the legislature's intent." *United States v. Gamboa*, 439 F.3d 796, 809 (8th Cir. 2006)

In this case, Petitioner was charged with and convicted of one crime, set forth in one Count, and received a singular sentence for it. Petitioner has not been "twice put in jeopardy" with respect to the charge of being unlawfully present in the United States following deportation for an aggravated felony which was leveled against him as a result of being discovered in the United States in Van Buren by police and the BICE on October 5, 2005, and multiple punishments have not been imposed. The Double Jeopardy clause simply is not implicated in this case.

Further, to the extent that Petitioner's Double Jeopardy claim can be construed as an argument that his *sentence* violates Double Jeopardy due to the fact that it was enhanced on the basis of a prior conviction pursuant to 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A), that argument is also without merit. Enhancement statutes "do not change the penalty imposed for the

8

earlier conviction," but "penaliz[e] only the last offense committed by the defendant." *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994). With respect to Petitioner's enhanced penalty under 8 U.S.C. § 1326(b)(2), the Supreme Court has repeatedly rejected double-jeopardy challenges to recidivism statutes. *See i.e. Monge v. California*, 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998)(sentence enhancements imposed on a repeat offender are neither a new jeopardy nor an additional penalty for the earlier crime but are a harsher punishment for the newest crime.); *Witte v. United States*, 515 U.S. 389, 400 (1995) (concluding that the defendant's double-jeopardy argument was without merit "because the enhanced punishment imposed for the latter offense is not to be viewed as either a new jeopardy or additional penalty for earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one").

Moreover, Petitioner's double jeopardy argument also fails because the Supreme Court specifically held in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) that § 1326(b) is a penalty provision, authorizing a court to increase the sentence for a recidivist, rather than defining a separate crime. *Almendarez-Torres*, 523 U.S. at 226-227, 118 S.Ct. 1219 at 1222; *see also United States v. McKay*, 2007 WL 2472315, *1 (8th Cir. September 4, 2007)(Almendarez-Torres "is still good law"); *United States v. Strong*, 415 F.3d 902, 907 (8th Cir.2005) (construing United States v. Booker, 543 U.S. 220 (2005), as reaffirming the holding in Almendarez-Torres ). Therefore the district court did not violate the Double Jeopardy Clause in using Petitioner's prior conviction to enhance his sentence.

**Ground Three: That the conviction was obtained by a plea of guilty which was unlawfully induced or was not made voluntarily.**

9

This claim is obviously without merit because Petitioner did not plead guilty. He was convicted by a jury.

**Ground Four: Ineffective Assistance of Counsel.**

In Ground Four, Petitioner claims that he received ineffective assistance of counsel. A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To sustain his ineffective assistance of counsel claims, Petitioner must show that "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." Id. (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If the defendant cannot prove prejudice, a court need not inquire as to whether counsel's performance was deficient. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir.1996). In assessing counsel's performance in light of an ineffective assistance of counsel claim, courts defer to reasonable trial strategies and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir.1997). It is the defendant's burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances. *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir.1996).

The Petitioner's sole claim of ineffective assistance is that his attorney did not have any experience in "dealing with 'Illegal Immigrant'". He does not state how the alleged inexperience affected his case. Mr. Pierce's affidavit states that "approximately 25% of his caseload involves immigration matters". (Doc. 59, Exhibit 1, Affidavit of James Pierce) Mr. Pierce is an Assistant Federal Public Defender in the Western District of Arkansas and as a result has substantial

10

criminal experience.

The record indicates that Mr. Pierce served as Facundo's attorney for a period of nearly 7 months, representing him at several appearances and filing a number of pre-trial motions on his behalf. Approximately **one week** before trial was to begin, Facundo mailed the court a letter stating that he desired new counsel due to Pierce's alleged inexperience in representing defendants in immigration cases. This court docketed the letter as a Motion to Appoint New Counsel, considered it at a hearing the day before trial and determined that Facundo was not entitled to new counsel. During the trial, Mr. Pierce thoroughly advocated for Facundo, making appropriate arguments and cross-examining the government's witnesses and the record reveals that Facundo's decision to move to dismiss his appeal was made only after consultation with Mr. Pierce.

Moreover, in order to establish that he was prejudiced by his counsel's deficient performance, Petitioner must establish that counsel's conduct rendered the result of the proceeding unreliable, and a "necessary condition for establishing prejudice is to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Becht* v. U.S. , 403 F.3d 541 at 545 (*citing Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) and *Schumacher*, 83 F.3d 1034 at 1037). The Petitioner has failed to establish any deficient performance much less any evidence that there is a reasonable probability that the results of the proceedings would have been different.

The Petitioner's main complaint is that he feels that the law he was convicted under asserts "[D]iscrimination against all Mexicanos who are simply trying to work and make a living

11

and are being falsely arrested and given a wide length of time for not having a green card or being Citizens, when all along were trying to help you Americanos make a better country for your self and not for us [be]cause we just want the money to support families in Mexico". (Doc. 55, page 5) This is obviously something that the attorney has no control over and something that he could not change or argue to the court. An attorney is under no obligation to undertake an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988).

### Evidentiary Hearing

Finally, the petition does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998)

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely**

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this November 27, 2007

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE